UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY RAY AYERS,<br><br>             Petitioner,<br><br>      v.<br><br>ROBERT BURTON,<br><br>             Respondent. | Case No.  21-05806 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole.[1] Dkt. No. 1. Petitioner has paid the filing fee.  Dkt. No. 7.

**BACKGROUND**

According to the petition, Petitioner was convicted of second degree murder (Cal. Penal Code § 187), and sentenced to 15-years-to-life.  Dkt. No. 1 at 1-2.  Petitioner challenged the most recent denial of parole in the state appellate and high courts, but

---

[1] This matter was reassigned to this Court on August 30, 2021, after Petitioner declined magistrate judge jurisdiction.  Dkt. Nos. 4, 6.

without success. *Id.* at 3-4.

Petitioner filed the instant federal habeas petition on July 28, 2021.

## DISCUSSION

A. **Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. **Legal Claims**

Petitioner claims that his right to due process was violated by the recent denial of parole after a hearing on May 13, 2020. Dkt. No. 1 at 5; Dkt. No. 1-1 at 2. Specifically, Petitioner claims that he sought discharge from the CDCR to the "DMH/Hospital as DMO-Commitment." Dkt. No. 1 at 5. In the state superior court, Petitioner claimed that he was improperly denied a psychologist as an expert witness at his parole hearing. *Id.* at 11. Although Petitioner did not recite that claim in the federal petition, the Court will liberally construe this action as including that claim.

California prisoners have a constitutionally protected liberty interest in release on parole and therefore cannot be denied a parole date (i.e., the parole board cannot decline to grant a parole date and cannot rescind an already-granted parole date) without adequate procedural protections necessary to satisfy due process. *See Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). In *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), the Supreme Court explained that, in the context of parole, its earlier cases had "held that the procedures required are minimal." The Court earlier had "found that a prisoner subject to a parole

statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.* at 220 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *See Cooke*, 562 U.S. at 220; *see Miller v. Or. Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]")

In light of *Cooke*, if "an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance," then there is no due process violation stemming from a claim that a parole denial did not comply with California's "some evidence" rule of judicial review. *Pearson*, 639 F.3d at 1191; *Roberts v. Hartley*, 640 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Pearson*, 639 F.3d at 1191). Finally, the Ninth Circuit recognized that *Cooke* clearly holds that the "responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts." *Roberts*, 640 F.3d at 1047 (quoting *Cooke*, 562 U.S. at 222).

Here, Petitioner makes no allegation that he was denied any procedural protections in the recent denial of parole. Rather, he only alleges that he was denied a psychologist to appear as an expert witness at the parole hearing, which fails to state a due process violation because an expert witness is not one of the minimal procedural protections discussed in *Swarthout*. *Cooke*, 562 U.S. at 220. Accordingly, such a claim fails to state a cognizable claim for federal habeas relief.

In the interest of justice, Petitioner shall be granted leave to amend to state a violation of any procedural protections during the parole proceedings, i.e., the denial of an opportunity to be heard, a notification of the reasons as to denial of parole, or access to their records in advance, *see Pearson*, 639 F.3d at 1191, if he can do so in good faith. If he

3

1  received all these procedural protections, then there has been no due process violation and
2  this habeas action must be dismissed for failure to state a claim for relief.

3  **C.     Motion for Appointment of Counsel**

4        Petitioner also requests appointment of counsel in the petition due to "severe mental
5  disorder." Dkt. No. 1 at 6.

6        The Sixth Amendment's right to counsel does not apply in habeas corpus actions.
7  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867
8  (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within
9  the discretion of the district court. *Id.*; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.),
10  *cert. denied*, 469 U.S. 838 (1984). An evidentiary hearing is not necessary at this time as
11  Petitioner has yet to state a cognizable claim. Accordingly, the motion is DENIED.

12        The Court will also construe the motion as a request for appointment of a guardian
13  ad litem under Federal Rule of Civil Procedure 17(c). Rule 17(c) provides in relevant part
14  that:

> A minor or an incompetent person who does not have a duly appointed
> representative may sue by a next friend or aby a guardian ad litem. The court
> must appoint a guardian ad litem – or issue another appropriate order – to
> protect a minor or incompetent person who is unrepresented in an action.

18  Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question"
19  exists regarding the mental incompetence of a pro se litigant, the district court should
20  conduct a hearing to determine competence so that a guardian ad litem may be appointed if
21  appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*,
22  880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of
23  inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See*, *e.g.*,
24  *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care*
25  *Center*, 323 F.3d 196, 203 (2d Cir. 2003).

26        The Ninth Circuit found a "substantial question" regarding competence where a *pro*
27  *se* prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant
28  was under his care, had been diagnosed with schizophrenia, and was taking psychotropic

medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a *pro se* litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Petitioner's evidence in support of his motion does not raise a substantial question regarding his current state of competence. Petitioner submits copies of "MHPC Progress Note" from mental health assessments at the California Health Care Facility where he is currently housed. Dkt. No. 1 at 15-41. However, the latest assessment is dated August 3, 2020, which was nearly a year before he filed the instant action on July 28, 2021. *Id.* at 36-43. The assessment indicated that although Petitioner believed he had previously been diagnosed with paranoid schizophrenia, he currently did not have any symptoms of disorder. *Id.* at 36. Petitioner was also on psychotropic medication to treat his symptoms of psychosis, aggression, and or difficulty functioning. *Id.* at 37. However, the only psychiatric diagnosis at that time was "schizoaffective disorder." *Id.* at 38. The notes indicated that "[n]o crisis issues were revealed or present at the time of interaction" and "[n]o barriers to treatment were identified in today's assessment." *Id.* at 39. As such, none of the documents submitted by Petitioner amount to a direct statement from a mental health professional or other "verifiable evidence" of his current incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-02. Furthermore, Petitioner has shown an ability to articulate his claims despite his alleged mental health issues. Lastly, Petitioner's mere assertion that he needs the assistance of counsel, without more, is not sufficient to raise a substantial question. *See, e.g., Day*, 1997 WL 686016, at *2.

5

Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Petitioner's competence and therefore no duty of inquiry. *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02. Petitioner does not warrant appointment of a guardian ad litem under Rule 17(c).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition is DISMISSED with leave to file an amended petition using the court's form petition. The amended petition must include the caption and civil case number used in this order, No. C 21-05806 BLF (PR), and must include the words AMENDED PETITION on the first page. The amended petition shall be filed **no later than twenty-eight (28) days** from the date this order is filed.

**Failure to file a timely response in accordance with this order will result in the dismissal of this action without prejudice and without further notice to Petitioner.**

2. Petitioner's motion for appointment of counsel is **DENIED** without prejudice.

3. The Clerk shall include two copies of the court's form petition with a copy of this order to Petitioner.

**IT IS SO ORDERED**.

Dated: November 29, 2021

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\BLF\HC.21\05806Ayers_dwlta