UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY RAY AYERS,<br>　　Petitioner,<br><br>v.<br><br>ROBERT BURTON,<br>　　Respondent. | Case No. 21-05806 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR CLARIFICATION; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME TO FILE AMENDED PETITION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 9) |

　　Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole. Dkt. No. 1. On November 29, 2021, the Court dismissed the petition with leave to amend, and denied Petitioner's motion for appointment of counsel. Dkt. No. 8. Petitioner has filed a motion for clarification and reconsideration of appointment of counsel. Dkt. No. 9.

　　Petitioner requests the Court to clarify whether he is supposed to file a petition under 28 U.S.C. § 2254 or a complaint under 42 U.S.C. § 1983. *Id.* at 5. It appears that there was a clerical error in attaching the wrong court form to the Court's Order of

Dismissal with Leave to Amend. Although the Court ordered that the court's form *petition* be attached, Dkt. No. 8 at 6, the court's form *complaint* was attached instead. Petitioner shall disregard the § 1983 form complaint that was provided to him. The Court shall direct the Clerk to send the proper form petition to Petitioner to file an amended petition.

Petitioner again requests appointment of counsel or *guardian ad litem* based on his "psyche-status." Dkt. No. 9 at 4. Petitioner asserts that he is under the care of a psychiatrist, a psychologist, a licensed social worker, and a psych-technicians, and also taking psyche-meds that make him incompetent to litigate this case. *Id.* In support, Petitioner provides the declaration of his "legal-assistant," another inmate incarcerated in the same prison and housing unit as Petitioner who is helping Petitioner with this action. *Id.* at 9. This declaration from another inmate rather than a mental health professional is not sufficient to raise a "substantial question" regarding the mental incompetence of Petitioner to trigger the Court's duty of inquiry. *See Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201-02 (2d Cir. 2003). Accordingly, the motion for appointment of counsel or *guardian ad litem* is DENIED.

Petitioner is attempting to challenge the most recent denial of parole through this action. Dkt. No. 1 at 5. Petitioner may file an amended petition to correct the deficiencies in the pleading as discussed in the Court's Order of Dismissal with Leave to Amend. Dkt. No. 8 at 2-3. In light of the clerical error, Petitioner shall be granted an extension of time to file an amended petition. Petitioner's amended petition shall be filed **no later than twenty-eight (28) days from the date this order is filed.**

The Clerk shall include two copies of the court's form **petition** (28 U.S.C. § 2254 with a copy of this order to Petitioner.

This order terminates Docket No. 9.

**IT IS SO ORDERED**.

Dated: December 13, 2021

BETH LABSON FREEMAN
United States District Judge

Order Granting Clarification; Denying Appt. of Counsel; EOT
P:\PRO-SE\BLF\HC.21\05806Ayers_clarification&atty