UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY RAY AYERS,<br>   Petitioner,<br> v.<br>ROBERT BURTON,<br>   Respondent. | Case No. 21-cv-05806 BLF (PR)<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY; ADDRESSING PENDING MOTION**<br><br>(Docket No. 11) |

  Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole. Dkt. No. 1. The Court dismissed the petition with leave to amend for Petitioner to state a violation of any procedural protections during the parole proceedings. Dkt. No. 8 at 3. The Court subsequently granted Petitioner an extension of time to file an amended petition. Dkt. No. 10. Rather than file an amended petition as directed, Petitioner filed a "motion for judgment," asserting that he should not be forced to amend his petition and that the merits of his claim have been clearly presented in the petition. Dkt. No. 11 at 2. He desires to proceed with an appeal of this matter. *Id.* For the reasons discussed below, this matter must be dismissed for failure to state a claim.

///

**DISCUSSION**

According to the petition, Petitioner was convicted of second degree murder (Cal. Penal Code § 187), and sentenced to 15-years-to-life in state prison. Dkt. No. 1 at 1-2. Petitioner claims that his right to due process was violated by the recent denial of parole after a hearing on May 13, 2020. *Id.* at 5; Dkt. No. 1-1 at 2. Specifically, Petitioner claims that he sought discharge from the CDCR to the "DMH/Hospital as DMO-Commitment." Dkt. No. 1 at 5. In the state superior court, Petitioner claimed that he was improperly denied a psychologist as an expert witness at his parole hearing. *Id.* at 11. Although Petitioner did not recite that claim in the federal petition, the Court liberally construed the action as including that claim. Dkt. No. 8 at 2.

In dismissing the petition with leave to amend, the Court provided the following reasoning:

> California prisoners have a constitutionally protected liberty interest in release on parole and therefore cannot be denied a parole date (i.e., the parole board cannot decline to grant a parole date and cannot rescind an already-granted parole date) without adequate procedural protections necessary to satisfy due process. *See Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). In *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), the Supreme Court explained that, in the context of parole, its earlier cases had "held that the procedures required are minimal." The Court earlier had "found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.* at 220 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979). As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *See Cooke*, 562 U.S. at 220; *see Miller v. Or. Bd. of Parole and Post-Prison Supervision*, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in *Cooke* that in the context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]")
>
> In light of *Cooke*, if "an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance," then there is no due process violation stemming from a claim that a parole denial did not comply with California's "some evidence"

> rule of judicial review. *Pearson*, 639 F.3d at 1191; *Roberts v. Hartley*, 640 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Pearson*, 639 F.3d at 1191). Finally, the Ninth Circuit recognized that *Cooke* clearly holds that the "responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts." *Roberts*, 640 F.3d at 1047 (quoting *Cooke*, 562 U.S. at 222).
>
> Here, Petitioner makes no allegation that he was denied any procedural protections in the recent denial of parole. Rather, he only alleges that he was denied a psychologist to appear as an expert witness at the parole hearing, which fails to state a due process violation because an expert witness is not one of the minimal procedural protections discussed in *Swarthout*. *Cooke*, 562 U.S. at 220. Accordingly, such a claim fails to state a cognizable claim for federal habeas relief.

Dkt. No. 8 at 2-3.

In his motion for judgment, Petitioner asserts that his claim is based on the "abuse of discretion" of the BPH in not executing a commitment order "as is commonly done for their DSL/Determinate Sentencing Law non-lifers or ISL/Indeterminate Sentencing Law lifers who are deemed a danger/risk upon release… and commit the prisoner as a patient to DMH/Dept. Mental Health pursuant to Penal Codes 260, 2862, 2970, 2972." Dkt. No. 11 at 2. Petitioner asserts that *Swarthout* "does not rule out every-single 'Due Process' issue brought before the court via 'case/controversy' per U.S. Const." *Id.* Petitioner also states that he is seeking a direct appeal to proceed "on Circuit review of 1st Impression" on his claim. *Id.* at 3.

There was no error in the Court's decision to dismiss Petitioner's due process claim with leave to amend. As Petitioner states, he is challenging a discretionary decision by the BPH to deny parole and declining to execute a commitment order placing Petitioner as a patient with the Department of Mental Health. There is no constitutional right to civil commitment rather than incarceration for a convicted prisoner, and Petitioner provides no legal basis to support such a claim.

Because it is clear that Petitioner has no intention of filing an amended petition, the Court has no choice but to dismiss this matter for failure to state a claim.

3

**CONCLUSION**

For the foregoing reasons, the petition is **DISMISSED** for failure to state a cognizable claim for federal habeas relief. To the extent that Petitioner seeks a judgment in order to proceed with an appeal of this matter, his motion is GRANTED. Dkt. No. 11.

Further, a Certificate of Appealability is **DENIED**. *See* Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

Petitioner's motion does not constitute a notice of appeal. He must file a separate notice of appeal in accordance with Federal Rules of Appellate Procedure 3(a)(1) and 4(a)(1).

This order terminates Docket No. 11.

**IT IS SO ORDERED**.

Dated: May 20, 2022

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal; Denying COA
P:\PRO-SE\BLF\HC.21\05806Ayers_dism(ftsac)